[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 13, 2011
JOHN LEY
CLERK

No. 11-10480
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cr-20465-JAL-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANDRA LORENA ARANGO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 13, 2011)

Before PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Sandra Lorena Arango appeals her convictions for importing and conspiring

to import cocaine, 21 U.S.C. §§ 952(a), 963, and her sentence of 45 months of

imprisonment. Arango challenges the sufficiency of the evidence and the reasonableness of her sentence. We affirm.

Arango argues that the United States failed to prove that she knowingly imported cocaine into the United States, but ample evidence supports her convictions. Viewed in the light most favorable to the United States, the evidence presented at trial "'evidenc[ed] a consciousness of guilt'" by Arango. United States v. Quilca-Carpio, 118 F.3d 719, 721 (11th Cir. 1997) (quoting United States v. Stanley, 24 F.3d 1314, 1320 (11th Cir. 1994)). When a customs officer at the Miami International Airport questioned Arango and her former mother-in-law, Deisy Marrero, Arango spoke only when spoken to, appeared uncomfortable, avoided eye contact with the officer, and attempted to hide behind Marrero. See United States v. Steed, 548 F.3d 961, 978 (11th Cir. 2008). Later, when another customs officer asked Arango to remove her sneakers, Arango hesitated, hung her head, and exhaled loudly before complying with the instruction. The sneakers were oddly stiff, heavy, noticeably newer than Arango's clothes, and identical to those worn by Marrero. When examined by hand, the sneakers expelled a white, powdery substance that tested positive for the presence of cocaine, and an x-ray examination revealed that a package of cocaine had been concealed in the heel of each shoe. When a customs officer asked Arango about the cocaine, she stared at

2

the floor and later cried. Although Marrero testified that Arango innocently had accompanied Marrero to Ecuador to visit the daughter of Arango's former husband, the jury reasonably discredited Marrero's testimony as implausible. See United States v. Molina, 443 F.3d 824, 829 (11th Cir. 2006). Marrero testified that she paid for the airline tickets and hotel using $2,500 that she won gambling with $60 at a casino, but Marrero had told a customs officer that Arango's former husband bought the tickets. Marrero also testified incredibly that she met with her granddaughter only once and later, while sightseeing, she agreed, without Arango's knowledge, to transport cocaine for a taxi driver. The jury reasonably could infer that Marrero would not have trusted Arango to smuggle 367 grams of cocaine into the United States without her knowledge. Quilca-Carpio, 118 F.3d at 722.

The district court did not abuse its discretion by sentencing Arango to a term of imprisonment within the advisory guidelines range. Arango argues that her sentence did not account for her "compelling mitigating circumstances," but the district court weighed the seriousness of Arango's offenses against her lack of criminal history, her reputation as a "kind and generous person," and her "minimal amount of education." The district court considered the sentencing factors and reasonably determined that a term of 45 months of imprisonment would

adequately punish Arango, "reflect the seriousness of [her] offense, "promote respect for the law," and "afford adequate deterrence not only to [her], but to other Defendants who [might] be considering the importation of cocaine." 18 U.S.C. § 3553(a). Arango's sentence is reasonable.

We **AFFIRM** Arango's convictions and sentence.